IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rosezina Deborah Brown, ) | Case No.: 4:23-2077-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| South Carolina Department of Social ) | |
| Services and Gary A. Price, ) | |
| ) | |
| Defendants, ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report" or "Report and Recommendation") (DE 17), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] Plaintiff Rosezina Deborah Brown ("Brown" or "Plaintiff"), proceeding *pro se*, seeks monetary and injunctive relief Defendants South Carolina Department of Social Services ("SCDSS") and Gary A. Price ("Price"), Program Manager (collectively "Defendants"). Brown alleges Price erroneously found that she had abused or neglected a child under Regulation Number 114-502(D)(1) in violation of her rights under S.C. Code § 63-13-40(D)(2).[2] (DE 1, p. 5.) On July 7, 2023, the Magistrate Judge issued the Report recommending the Court summarily dismiss

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Plaintiff alleges Defendants engaged in employment discrimination and violated her due process and property rights when Price made a finding that she abused or neglected a child. (DE 1.) Plaintiff says she was changing Baby A when she was unaware that Baby B had crawled under her leg. (Id.) Plaintiff claims she finished changing Baby A and when she went to lay Baby A down, she tripped over Baby B on the floor and accidentally dropped Baby A.

1

Plaintiff's complaint for two reasons.  (DE 17.)  The Report identified that Defendants are entitled to Eleventh Amendment immunity and that the Rooker-Feldman doctrine precludes this Court's review of the abuse and neglect findings by Price.  See Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir. 1997).

Plaintiff filed an objection to the Report stating, "I haven't had a fair hearing on this accident case."  (DE 20.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

While Plaintiff alleges SCDSS engaged in employment discrimination and violated her due process and property rights when Price made a finding that she abused or neglected a child, this claim does not address the jurisdiction of the court.  As stated in the Report, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal

court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies.  See Alabama v. Pugh, 438 U.S. 781 (1978); Seminole Tribe of Florida, 517 U.S. at 58.  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. See Quern v. Jordan, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); see also S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court).  As SCDSS is a state agency or instrumentality of the state, the Eleventh Amendment protects SCDSS from Plaintiff's claims. See Hines v. Spartanburg Cnty. Dept. of Soc. Servs., C/A No. 7:07–33375–GRA–WMC, 2009 WL 237837, at *6 (D.S.C. Jan. 30, 2009).  The Court overrules Plaintiff's singular objection requesting a hearing in light of this Court lacking jurisdiction and the application of the Rooker-Feldman doctrine.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds that there is no clear error on the face of the record and therefore adopts the Report and fully incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 29, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.